Jorge **PIZZABIOCCHE**, Rodolfo Deambrosi, Enrique Gonzalez, Guillermo Caballero, Osvaldo Fraga, Individually and Derivatively for Full Service Storage Corp., a Florida corporation, Plaintiffs,

v.

Guillermo **VINELLI**, Urbano E. Garcia-Tobar, Irene Hamernik, Luis F. Bustelo, Robert J. Termotto, F. Andrew Daltroff, Harvey Youngquist, and Dufaur Corporation, Defendants.

No. 89–243–CIV–FTM–17B.

United States District Court,
M.D. Florida,
Fort Myers Division.

Sept. 6, 1991.

---

6. See note 1, *supra.*

Judith M. Korchin, Holland & Knight, Miami, Fla., Carl H. Winslow, Jr., Ft. Myers, Fla., for plaintiffs Jorge Pizzabiocche, Rodolfo Deambrosi, Enrique Gonzalez, Guillermo Caballero, Osvaldo Fraga and Full Service Storage.

Theodore Lawton Tripp, Jr., Garvin & Tripp, P.A., Ft. Myers, Fla., for defendant Robert J. Temotto.

Norman Malinski, Hertzberg & Malinski, P.A., Miami, Fla., for defendant F. Andrew Daltroff.

Steven Carta, Peper, Martin, Jensen, Maichel & Hetlage, Ft. Myers, Fla., for defendant Harvey Youngquist.

Gordon R. Duncan, Duncan, Engvalson & Mitchell, Ft. Myers, Fla., for defendant Dufaur Corp.

## ORDER

KOVACHEVICH, District Judge.

This motion is before the Court on the motion of Defendants, Irene Hamernik (Hamernik), Luis Felix Bustelo (Bustelo), and Urbano E. Garcia–Tobar (Garcia–Tobar), filed pursuant to Rule 12 of the Federal Rules of Civil Procedure, to quash service of process and also on the motion of Defendants, Hamernik and Bustelo to dismiss Plaintiffs' complaint for lack of personal jurisdiction.

## FACTUAL BACKGROUND

Plaintiffs, Jorge Pizzabiocche, Rodolfo Deambrosi, Jose Enrique Gonzalez, Guillermo Caballero, Osvaldo Fraga (Plaintiff shareholders) bring their action individually and derivatively for FULL SERVICE STORAGE CORP. (FULL SERVICE) against Guillermo Vinelli (Vinelli), Garcia–Tobar, Hamernik, Bustelo, Robert J. Termotto (Termotto), F. Andrew Daltroff (Daltroff), Harvey Youngquist (Youngquist), and Dufaur Corporation (Dufaur). Each of the individual defendants is a citizen and resident of the Republic of Argentina. Dufaur is a corporation organized under the laws of New York with its principal place of business in New York.

All plaintiff shareholders except Deambrosi are citizens and residents of the Republic of Argentina. Deambrosi is a citizen and resident of Uruguay. Full Service Storage is a Florida corporation with its principal place of business in Fort Myers, Florida.

Plaintiffs rely on the provisions for service of process in a foreign country set out in Rule 4 of the Federal Rules of Civil Procedure to prove adequate service of pro-

cess over defendants Hamernik, Bustelo, and Garcia–Tobar. In Plaintiffs' memorandum of law in opposition to Defendants Hamernik, Bustelo, and Garcia–Tobar's motion, Plaintiffs allege that they utilized the method of personal delivery to Defendants set forth in Rule 4(i)(1)(E) of the Federal Rules of Civil Procedure. Plaintiffs further allege that no applicable treaty or binding provision of international law exists that mandates compliance with any other means of service of process besides personal delivery of process.

Defendants Hamernik, Bustelo and Garcia–Tobar object to the Plaintiffs' method of service process, claiming that Plaintiffs' service of process is insufficient under the Inter–American Convention on Letters Rogatory signed at Panama, January 30, 1975, as amended by the Additional Protocol thereto, signed at Montevideo, Uruguay, on May 29, 1979. The Defendants claim that because the United States, Argentina and Uruguay are signatory countries of the Convention and the Additional Protocol that service according to the Additional Protocol requires service in triplicate of letters rogatory, which must be sent through and officially sealed by a "Central Authority" in each State of destination where the process is to be served. Plaintiffs rely on the provisions of the Florida Statutes Section 48.193, Florida's long-arm statute, and 15 U.S.C. § 78aa, to establish personal jurisdiction over Defendants Hamernik and Bustelo. In Plaintiffs' memorandum of law in opposition to Defendants Hamernik and Bustelo's motion for dismissal for lack of personal jurisdiction, Plaintiffs allege four bases for jurisdiction over the Defendants Hamernik and Bustelo:

1) Defendant Bustelo engaged in substantial and not isolated activities within this state by continuous participation in corporate business in Florida for four years, solicited capital contributions for the company by telephone from Florida, and sent company correspondence and telecopies from Florida;
2) Defendants Bustelo and Hamernik committed tortious acts within the State of Florida by numerous misrepresentations to Plaintiff shareholders to induce them to invest in the corporation and to continue to hold shares in the corporation, failing to disclose to Plaintiffs the true purchase price of the property and the true identity of the property seller and Defendant Bustelo committed a tortious act within the State of Florida by breaching his fiduciary duty to both the corporation and Plaintiff shareholders;
3) Defendants Hamernik and Bustelo operated, conducted and engaged in a business or business venture within the State of Florida;
4) Defendants Hamernik and Bustelo are charged with violations of the Securities Exchange Act of 1934, which authorizes nationwide service of process and additionally provides for service of process in a foreign country.

In addition Plaintiffs allege that Defendants Hamernik and Bustelo have established meaningful contacts with the State of Florida for jurisdiction over the Defendants to satisfy the Due Process Clause.

Defendants object to this Court's assertion of jurisdiction over them, claiming that Plaintiff's jurisdictional allegations are insufficient under both the Florida long-arm statute and federal due process requirement.

## CONTROLLING PRINCIPLES OF LAW

### Service of Process

Service of process in federal court is governed by the provisions of Rule 4 of the Federal Rules of Civil Procedure. Rule 4(i) sets out alternative provisions for service of process in a foreign country:

Federal Rule 4(i) provides:

(1) Manner. When the federal or state law referred to in subdivision (e) of this rule authorizes service upon a party not an inhabitant of or found within the state in which the district court is held, and service is to be effected upon the party in a foreign country, it is also sufficient if service of the summons and complaint is made: .... or (c) upon an individual, by delivery to the individual personally, and upon a corporation, or partnership or association,

by delivery to an officer, a managing or general agent.... Service under (c) or (e) above may be made by any person who is not a party and is not less than 18 years of age or who is designated by order of the district court or by the foreign court ...

■ Utilization by Plaintiffs of one of the methods of service set out in Rule 4(i) is sufficient to effect proper service of process upon a defendant who resides in a foreign country. However, the provisions of Rule 4(i) only apply in the instances where service in a foreign country is not prohibited by an international treaty. *Fout v. Allegheny Regional Hospital, Inc.,* 111 F.R.D. 467 (W.D.Va.1986) (*citing, Harris v. Browning-Farris Industries Chemical Services, Inc.,* 100 F.R.D. 775 (M.D.La. 1984).

The United States, Argentina and Uruguay are signatory countries to the Inter-American Convention on Letters Rogatory signed at Panama, January 30, 1975, as amended by the Additional Protocol thereto, signed at Montevideo, Uruguay, on May 8, 1979. The Inter-American Convention and the Additional Protocol provide in relevant part:

"II. SCOPE OF THE CONVENTION

*"Article 2*

"This Convention *shall apply to letters rogatory,* issued in conjunction with proceedings in civil and commercial matters held before the appropriate judicial or other adjudicatory authority of one of the State Parties to this Convention, that have as their purpose:

"a. The performance of procedural acts of a merely formal nature, such as service of process, summons or subpoenas abroad.

"I. SCOPE OF PROTOCOL

*"Article 1*

"This Protocol shall apply only to those procedural acts set forth in Article 2(a) of the Inter-American Convention on Letters Rogatory hereinafter referred to as "the Convention." For the purposes of this Protocol, such acts shall be understood to mean procedural acts (pleadings, motions, orders and subpoenas) that are served and requests for information that are made by a judicial or other adjudicatory authority of another State Party *and are transmitted by a letter rogatory* from the Central Authority of the State of origin to the Central Authority of the State of destination."

Inter-American Convention on Letters Rogatory, January 30, 1975, Art. 2 and Additional Protocol to the Inter-American Convention on Letters Rogatory, May 8, 1979, Art. 1.

PERSONAL JURISDICTION

■ In a federal diversity action such as this, the presence or absence of personal jurisdiction is determined according to the law of the state in which the district court sits. *Bloom v. A.H. Pond Co., Inc.,* 519 F.Supp. 1162, 1165 (S.D.Fla.1981). The court must first look to the applicable state long-arm statute. *Groome v. Feyh,* 651 F.Supp. 249, 250-51 (S.D.Fla.1986).

Florida Statutes Section 48.193 provides in relevant part:

1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:

(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state.

(b) Committing a tortious act within this state.

. . . .

. . . .

(2) A defendant who is engaged in substantial and not isolated activity within this state, whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of

this state, whether or not the claim arises from that activity.

*Fla.Stat.* § 48.193 (1989).

Satisfaction by Plaintiff of any one of the jurisdictional bases alleged in his Complaint is sufficient to confer jurisdiction on this Court.

■ Once the court has determined that jurisdiction is proper under the state long-arm statute, it must then consider whether assertion of jurisdiction comports with federal due process requirements. *Williams Electric Co. Inc. v. Honeywell, Inc.,* 854 F.2d 389, 392–92 (11th Cir.1988); *see also Groome,* 651 F.Supp. at 254; *Bloom,* 519 F.Supp. at 1171–72. Due process requirements are satisfied only if a defendant has purposefully established minimum contacts within the forum state such that maintenance of the suit there does not offend traditional notions of fair play and substantial justice. *International Shoe Co. v. Washington,* 326 U.S. 310, 317, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945). A defendant's conduct and connection with the forum state must be such that he would reasonably anticipate being haled into court thereto. *World Wide Volkswagen v. Woodson,* 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980).

## FINDINGS

### Service of Process

■ Personal service of process on Defendants Hamernik, Bustelo, and Garcia–Tobar pursuant to the alternate provisions in Rule 4(i) of the Federal Rules of Civil Procedure is sufficient service of process. The Inter–American Convention and the Additional Protocol do not prohibit service of process in Argentina and Uruguay. The Inter–American Convention states that it shall apply to letters rogatory; it does not state that letters rogatory are the only means of serving process in the signatory countries. By merely outlining the procedures necessary to effectively use a letter rogatory, the Inter–American Convention does not prohibit other methods of service of process. Therefore, Plaintiffs' compli-

ance with Rule 4(i) is proper service of process in Argentina and Uruguay of Defendants Hamernik, Bustelo, and Garcia–Tobar.

Defendants' assertion that the Inter–American Convention and the Additional Protocol should be interpreted in accordance with the case law interpreting the Hague Convention is incorrect. Argentina and Uruguay are not signatory countries to the Hague Convention. Further, the Hague Convention unlike the Inter–American Convention prohibits all methods of service on foreign signatory countries that does not comply with the Hague Convention requirements.

### Personal Jurisdiction

■ In order to invoke the substantial activity provision of the Florida long-arm statute, plaintiffs must show that the defendant has engaged in "substantial and not isolated activity" with Florida. *Fla. Stat.* § 48.193(2) (1989). Plaintiffs have shown that Defendant Bustelo was engaged in substantial and not merely an isolated activity within the State of Florida. In a four year period Bustelo made at least six trips to Fort Myers, Florida in which he personally engaged in making decisions concerning Full Service. Bustelo was also a director and an officer of World Plaza Development Corporation, a Florida corporation, that managed the daily business of the Full Service mini-warehouse storage business. Bustelo also made a telephone call from Florida requesting money for construction of the Full Service mini-warehouses. Additionally, Bustelo, while in Florida, telecopied a recommendation to Plaintiffs that the business should be sold and he sent a letter to Plaintiffs concerning the Plaintiffs' refusal to place a second mortgage on the project. Moreover, while in Florida, Defendant exercised control over the corporate records, made copies of all stock certificates issued, and caused notices for an annual meeting of Full Service to be sent out to the Plaintiffs. Therefore, based on these substantial activities within the State of Florida, Defendant Bustelo is subject to the jurisdiction of this Court

pursuant to Florida Statutes section 48.-193(2) (1989).

 Plaintiffs have also shown that Defendant Hamernik has committed tortious acts within the State of Florida which renders Hamernik subject to the jurisdiction of this Court pursuant to Florida Statutes section 48.193(1)(b) (1989). For the purposes of this section of the long-arm statute, the place of the injury is the location of the tortious act. *Lee B. Stern & Co., Ltd. v. Green*, 398 So.2d 918, 919 (Fla. 3d DCA 1981).

First, Defendant Hamernik made numerous misrepresentations to Plaintiffs that induced them to invest in Full Service, a Florida corporation, and to continue to hold shares in the Corporation. Defendant Hamernik also attended a business meeting in Florida in which she failed to disclose to plaintiffs that the purchase price of the property was almost two times greater than its true market price and that the true identity of the property seller was William Mills, trustee and not Defendant Youngquist. Additionally, Hamernik aided and abetted the fraud perpetrated on Plaintiffs by failing to disclose this necessary information when she attended a meeting where fraudulent misrepresentations were made to Plaintiff Pizzabiocche. These tortious acts clearly caused injury within the State of Florida and make Hamernik amenable to the jurisdiction of this Court based on section 48.193(1)(b) of the Florida Statutes.

Further, when all contacts are considered, due process is not offended by the exercise of this Court's jurisdiction over Defendants Bustelo and Hamernik. In *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985), the Court stated: "So long as a commercial actor's efforts are purposefully directed towards residents of another state, we have consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Id.* at 476, 105 S.Ct. at 2184. In the instant case, Defendants Bustelo and Hamernik's contacts with the State of Florida are not so attenu-

ated that the traditional notions of fair play and substantial justice noted in International Shoe would be offended. Accordingly, it is

ORDERED that Defendants' Motion for Seeking Quashal of Service of Process is DENIED and Defendants' Motion for Dismissal for Lack of Personal Jurisdiction is DENIED.

DONE and ORDERED.