[663 NYS2d 275]

Louis Laino et al., Appellants, v Cuprum S.A. de C.V., Respondent, et al., Defendant.

Second Department, October 20, 1997

---

### APPEARANCES OF COUNSEL

*Rovegno & Taylor, P. C.,* Forest Hills *(Robert B. Taylor* and *Dawn A. Munro* of counsel), for appellants.

*Lynch Rowin Novack Burnbaum & Crystal, P. C.,* New York City *(Marc Rowin* and *Karen L. Kirshenbaum* of counsel), for respondent.

### OPINION OF THE COURT

McGINITY, J.

In a case of apparent first impression in the appellate courts of this State, we are called upon to decide whether the Inter-American Convention on Letters Rogatory (Jan. 30, 1975, S Treaty Doc No. 27, 98th Cong, 2d Sess [1984] [reprinted following 28 USCA § 1781] [hereinafter the Inter-American Convention]) provides the exclusive means of service of process within the respective jurisdictions of the signatory nations.

This significant question with potential far-reaching consequences in the commercial litigation sphere arises out of a personal injury action wherein the plaintiff Louis Laino sustained a fractured ankle when, standing upon an aluminum stepladder pruning shrubs at his home in Lawrence, New York, the right side of the ladder collapsed under Mr. Laino, hurling him to the ground. The ladder was manufactured by the defendants Cuprum S.A. de C.V. (hereinafter Cuprum S.A.) and Cuprum International, Inc., in Mexico and distributed on Long Island by Pergament Home Center (hereinafter Pergament). Mr. Laino purchased the ladder in May 1992 at a Pergament location in Melville, New York.

The plaintiffs commenced an action sounding in products liability against Pergament and Cuprum S.A. in September 1992, claiming that the ladder purchased at Pergament was defectively manufactured. Initially, the plaintiffs attempted to serve process on Cuprum S.A. upon the New York Secretary of State as its agent pursuant to Business Corporation Law § 307, entitled "Service of process on unauthorized foreign corporation". Upon motion, the action was dismissed as against Cuprum S.A. as the court found that Cuprum S.A., a Mexican

corporation not authorized to do business in the State of New York, should have been served pursuant to article 10 of the Inter-American Convention and that service of process under Business Corporation Law § 307 was not authorized. The plaintiffs did not appeal from this order of dismissal in favor of Cuprum S.A. and the action remained pending against Pergament.

Thereafter, the plaintiffs attempted to serve Cuprum S.A. pursuant to the Inter-American Convention provisions and recommenced the action against Cuprum S.A. This attempt, however, was rejected by the Mexican court system due to the use of an incorrect address. The plaintiffs filed a corrected summons and complaint pursuant to the Inter-American Convention and the action was once again commenced. The plaintiffs, in addition, then attempted to effectuate service upon Cuprum S.A. by registered mail, return receipt requested, through the office of the Nassau County Clerk. However, the Clerk refused to transmit the papers to Cuprum S.A., claiming a lack of authority. The Clerk contended that the plaintiffs' recourse was the utilization of an internationally agreed-upon means of service, to wit, the Inter-American Convention. The plaintiffs then retained two attorneys authorized to practice in Mexico, Manuel Edgar Lopez, Esq. and Jose A. Gonzalez, Esq., who were granted powers of attorney to personally serve Cuprum S.A. in Mexico. Mr. Gonzalez attempted to serve process at Cuprum S.A.'s principal place of business in Mexico on August 4, 1995, and was informed that a Mr. Jose Juan Rivera, who was reputed to be authorized to accept service on behalf of Cuprum S.A., would appear for service at 6:30 P.M. that day. At that time, Mr. Gonzalez returned to the Cuprum S.A. place of business only to have Mr. Rivera refuse to accept service. Having no alternative, Mr. Gonzalez then served the summons and complaint on the security guard at the gate, the propriety of which will be discussed *infra*. In addition, Cuprum S.A. was served at a Texas address, where the company has a place of business under the name "Cuprum International, Inc.".

Cuprum S.A. moved to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (8) on the ground of lack of personal jurisdiction, urging, *inter alia*, that service of process was not made in accordance with article 10 of the Inter-American Convention. The Supreme Court granted the motion and this appeal ensued.

We now reverse.

Central to the resolution of this appeal is the construction to be accorded to the provisions of the Inter-American Conven-

tion and the Additional Protocol to the Inter-American Convention on Letters Rogatory (May 8, 1979, S Treaty Doc No. 98-27 [entered into force Aug. 27, 1988] [reprinted following 28 USCA § 1781] [hereinafter the Additional Protocol]), a multinational treaty designed to facilitate service of letters rogatory among the signatory nations, and whether the procedures authorized in the Inter-American Convention are the exclusive method of service of process. Both Mexico and the United States are signatories to the treaty. Insofar as relevant herein, the Inter-American Convention provides:

> "INTER-AMERICAN CONVENTION
> ON LETTERS ROGATORY * * *

> "II. SCOPE OF THE CONVENTION
> ### Article 2
> "This Convention shall apply to letters rogatory, issued in conjunction with proceedings in civil and commercial matters held before the appropriate judicial or other adjudicatory authority of one of the States Parties to this Convention, that have as their purpose:
>
> "a) The performance of procedural acts of a merely formal nature, such as service of process, summonses or subpoenas abroad * * *

> "V. EXECUTION
> ### Article 10
> "Letters rogatory shall be executed in accordance with the laws and procedural rules of the State of destination" (Convention arts 2, 10).

The Additional Protocol provides, in pertinent part:

> "ADDITIONAL PROTOCOL TO THE
> INTER-AMERICAN CONVENTION ON
> LETTERS ROGATORY * * *

> "I. SCOPE OF PROTOCOL
> ### Article 1
> "This protocol shall apply only to those procedural acts set forth in Article 2 (a) of the Inter-American Convention on Letters Rogatory, hereinafter referred to as 'the Convention'. For the purposes of this Protocol, such acts shall be understood to mean procedural acts (pleadings, motions, orders, and subpoenas) that are served and requests for information that are made by a judicial or other adjudicatory authority of a State Party to a judicial or administrative authority of another State Party and are transmitted by a letter rogatory from the

Central Authority of the State of origin to the Central Authority of the State of destination" (Additional Protocol art 1).

The plaintiffs urge that personal jurisdiction has been obtained over Cuprum S.A. since service pursuant to the Inter-American Convention is not the exclusive means of service and that jurisdiction could be and was obtained by an alternate means of service. Cuprum S.A. argues that service pursuant to the terms of the Inter-American Convention is mandatory and exclusive, and that since the plaintiffs did not follow the procedures therein, the motion to dismiss was properly granted.

The resolution of this issue necessarily turns on whether the procedures set forth in the Inter-American Convention are mandatory or are permissive, allowing for State rules governing service of process to be employed. We conclude that the Inter-American Convention permits alternate methods of service and that its procedures are not the exclusive means of service of process on defendants residing in a signatory nation.

In reaching this conclusion, it is emphasized that article 2 of the Inter-American Convention recites that it "shall apply to letters rogatory" rather than to all means of serving process, and further, the scope of the Additional Protocol includes such procedural acts as are transmitted by a letter rogatory. Letters rogatory are but one of several procedural devices by which a court in one country may request authorities in another country to assist the requesting court in the administration of justice (see, Fed Rules Civ Pro, rule 4 [f]; rule 28 [b]; CPLR 3108, 3113 [a] [3]). Notably, the Inter-American Convention is silent as to any requirement that letters rogatory are the exclusive means of service of process in the signatory nations. It has been held that this silence is significant. In *Kreimerman v Casa Veerkamp* (22 F3d 634, *cert denied* 513 US 1016), the United States Court of Appeals for the Fifth Circuit was confronted with the precise question and concluded that the Inter-American Convention does not preempt other methods of service. The *Kreimerman* court placed great reliance on the words of the Inter-American Convention which states it "shall apply to letters rogatory" (Inter-American Convention art 2) in determining that the Inter-American Convention did not govern all means of serving process and that its scope was limited to letters rogatory (*Kreimerman v Casa Veerkamp, supra,* at 639). The court held: "Thus, nothing in the language of the Convention expressly reflects an intention to supplant all alternative methods of service. Rather, the Convention appears solely to govern the delivery of letters rogatory among the signatory States * * * [T]he text of the Convention strongly

indicates, not that the Convention preempts other conceivable methods of service, but that it merely provides a mechanism for transmitting and delivering letters rogatory when and if parties elect to use that mechanism" *(Kreimerman v Casa Veerkamp, supra,* at 640-642).

A comparison with the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters (20 UST 361, TIAS 6638, 658 UNTS 163 [effective with respect to the United States on Feb. 10, 1969] [hereinafter the Hague Service Convention]) supports the conclusion that the Inter-American Convention is not the exclusive means of serving process. The Hague Service Convention, a multilateral treaty formulated in 1965, was revised to provide a simpler way to serve process abroad so as to insure that defendants sued in foreign jurisdictions would receive notice of suit and to facilitate proof of service *(Volkswagenwerk AG. v Schlunk,* 486 US 694, 698). A central authority was established in each nation to receive requests for service of documents from other countries. In defining the scope of the Hague Service Convention, article 1 states that "[t]he present Convention shall apply in all cases, in civil or commercial matters, where there is occasion to transmit a judicial or extrajudicial document for service abroad". The United States Supreme Court has determined that this language is mandatory and preempts inconsistent methods of service prescribed by State law *(see, Société Nationale Industrielle Aérospatiale v United States Dist. Ct.,* 482 US 522). The scope of the Inter-American Convention under review, however, is limited to the procedural device of rogatory letters, and, in our view, does not preclude alternate means of service *(see, Kreimerman v Casa Veerkamp, supra; Mayatextil, S.A. v Liztex U.S.A.,* 1994 WL 198696 [SD NY, May 19, 1994, Sotomayer, J.]; *Pizzabiocche v Vinelli,* 772 F Supp 1245). In *Pizzabiocche,* the United States District Court pointedly stated that "[b]y merely outlining the procedures necessary to effectively use a letter rogatory, the Inter-American Convention does not prohibit other methods of service of process" *(Pizzabiocche v Vinelli, supra,* at 1249). We agree with the Federal authorities and, therefore, reject the argument of Cuprum S.A. that the language of the Inter-American Convention is mandatory as it relates to service of process.

This conclusion is buttressed by a review of Federal Rules of Civil Procedure, rule 4 (f), entitled "Service upon Individuals in a Foreign Country", which provides as follows:

"Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or an incompetent person, may be effected in a place not within any judicial district of the United States:

"(1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or

"(2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:

"(A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or

"(B) as directed by the foreign authority in response to a letter rogatory or letter of request;

"(C) unless prohibited by the law of the foreign country, by

"(i) delivery to the individual personally of a copy of the summons and the complaint; or

"(ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

"(3) by other means not prohibited by international agreement as may be directed by the court".

This rule, therefore, permits certain means of service internationally if the methods described in the Inter-American Convention are not the exclusive means of effecting service between the two countries. Since, in this case, the methods described in the Inter-American Convention are not the exclusive means of effecting service, the rule permits alternative means of service.

In reaching this conclusion, we, of course, do not pass upon the efficacy of alternative means of service in the other signatory countries, in this case, Mexico. Indeed, as one commentator has noted, the differences between the American and Mexican jurisprudential systems may pose problems in enforcement of judgments where the procedures of the Inter-American Convention are not strictly followed, as in the case at bar (see, Anderson, *Transnational Litigation Involving Mexican Parties,* 25 St. Mary's L J 1059, 1070 [1994]; *cf., Kreimerman v Casa Veerkamp, supra,* at 644). Thus, the plaintiffs are on notice

that if they do not proceed pursuant to the Inter-American Convention's procedures, there is a substantial risk that any judgment that is obtained may not be enforceable in the foreign signatory country.

Having concluded that the plaintiffs were permitted to employ alternative means of service, such as the means provided in CPLR 311, we turn now to the question of service in this case. The plaintiffs urge that they personally served Cuprum S.A. by serving a security guard at its place of business in Mexico after the person allegedly authorized to accept service, Jose Juan Rivera, refused to do so. Cuprum S.A. counters that the security guard was not authorized to accept service on its behalf. It is well settled that the fact that a defendant may have actually received the documents is irrelevant if the requirements for service of process have not been met (see, Raschel v Rish, 69 NY2d 694, 697; McDonald v Ames Supply Co., 22 NY2d 111, 115). Under such circumstances, an issue of fact is raised concerning whether Cuprum S.A. was properly served with process given the refusal of Rivera to accept service (see, Bossuk v Steinberg, 58 NY2d 916, 918; McDonald v Ames Supply Co., supra, at 115). Accordingly, the judgment is reversed, on the law, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether Cuprum S.A. was properly served.

FRIEDMANN, J. P., FLORIO and LUCIANO, JJ., concur.

Ordered that the judgment is reversed, on the law, with costs, and the matter is remitted to the Supreme Court, Nassau County, for a hearing on the issue of whether Cuprum S.A. de C.V. was properly served with process.