**LINKS DESIGN, INC., Plaintiff,**

v.

**Lawrence J. LAHR, et al., Defendants.**

No. 90–24–CIV–T–17(C).

United States District Court,
M.D. Florida,
Tampa Division.

March 12, 1990.

William S. Dufoe, Holland & Knight, Lakeland, Fla., for plaintiff.

Jay Small and David A. Baker, Foley, Lardner, Van Den Berg, Gay, Burke, Wilson & Arkin, Orlando, Fla., for Lawrence J. Lahr.

John N. Muratides, Stearns, Weaver, Miller, Weissler, Alhadeff & Sitterson, P.A., Tampa, Fla., for Mayapple Golf Links, Inc.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on Plaintiff's motion to remand, filed February 5, 1990; Defendants' responses thereto, filed February 13 and 15, 1990; Defendant Mayapple Golf Links (Mayapple)'s motion to dismiss, filed January 18, 1990; Defendant Lawrence J. Lahr (Lahr)'s motion to dismiss, filed January 18, 1990; and Plaintiff's response to motions to dismiss, filed January 30, 1990.

MOTION TO REMAND

Complaint in this cause is predicated on alleged default by Defendants on a contract executed by the parties and relating to the design of a golf course. Section VI of the contract states:

1. This Agreement shall be interpreted and construed in accordance with the laws of the State of Florida and shall

**1536**

inure to and be binding upon the parties hereto, their successors and assigns.

2. In the event that any legal action is taken in connection with this Agreement, the proper venue for said action shall be Polk County, Florida.

3. If legal proceedings are instituted by the GOLF COURSE DESIGNER to enforce any of the terms of this Agreement, the GOLF COURSE DESIGNER may charge, and the OWNER agrees to pay, reasonable attorney's fees incurred in connection with such proceedings, plus actual court costs.

Plaintiff's motion to remand asserts that the second paragraph of Section VI of the contract is mandatory and requires that venue be in, and only in, the state courts of Polk County, Florida.

Historical disapproval of forum selection clauses has been giving way to the rule established in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972):

> [S]uch clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be "unreasonable" under the circumstances. at 10, 92 S.Ct. at 1913.

Generally, a forum selection clause is to be upheld unless the Court determines that enforcement would be unreasonable or unjust or that the clause is invalid for reasons such as fraud or overreaching. *Citro Florida, Inc. v. Citrovale, S.A.*, 760 F.2d 1231 (11th Cir.1985).

There are no allegations that the forum selection clause in this case is unreasonable or unjust or that the clause should be invalidated based on fraud or overreaching. Thus, the only question before the Court is whether the forum selection clause mandates exclusive jurisdiction in the state courts of Polk County, Florida, based on inclusion of the statement: "the proper venue for said action shall be Polk County, Florida." Is the Court thereby required to remand this cause of action to the state court?

■ A forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court, but the waiver must be clear and unequivocal. *John's Insulation, Inc. v. Siska Const. Co., Inc.*, 671 F.Supp. 289 (S.D.N.Y.1987). If the clause is ambiguous, "subject to opposing, yet reasonable interpretation," the clause will be construed against the party who drafted it. *Zapata Marine Service v. O/Y Finnlines, Ltd.*, 571 F.2d 208, 209 (5th Cir.1978).

In the *John's Insulation* case, the Court was faced with a clause that provided that "any action hereunder shall be commenced in the Supreme Court of the State of New York." After analysis, the court found that even under that language removal to federal court was permissible. Contrast to *Intermountain Systems, Inc. v. Edsall Const. Co.*, 575 F.Supp. 1195 (D.Col.1983), wherein the district judge found that the language "venue shall be in Adams County, Colorado" did not permit removal to the federal district court for the district which included Adams County.

■ This Court, after due consideration, is in agreement with the conclusion of the district judge in the *John's Insulation* case. The contract clause in this case is subject to two reasonable interpretations: 1) that the case is subject to removal, on diversity grounds, to the federal district court for the district including Polk County and 2) the clause requires the parties to proceed only in the state courts of Polk County.

Therefore, the clause must be interpreted against the drafting party, herein Plaintiff who seeks to have the second interpretation prevail and to have the cause remanded to state court. The motion to remand will be denied.

MOTIONS TO DISMISS

A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that Plaintiff can prove no set of facts that would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–102, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to view the complaint in the light most favorable to the Plaintiff.

*Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

The following facts relating to the motion to dismiss have been set forth in the complaint, motions to dismiss, and response, and are accepted as true, only for purposes of ruling on the motions to dismiss:

1. Plaintiff is a Florida corporation with a single office in Lakeland, Polk County, Florida.

2. Defendant Lahr is a resident of Pennsylvania and Defendant Mayapple is a Pennsylvania corporation. Both defendants maintain that they have never done business in the State of Florida, nor, have they maintained offices in this state. Additionally, Defendant Mayapple maintains it never assumed the obligation to pay for Plaintiff's services nor has it agreed to a venue for settlement of any dispute.

3. The initial contact with Plaintiff, by Defendants, was a telephone call from John Brown, now an officer of Mayapple, to Ronald Garl, president of Plaintiff corporation. Mr. Garl met Defendant Lahr in Atlantic City, New Jersey on September 10, 1988, and they held the only negotiations between the parties.

4. In October 1988, Plaintiff mailed a copy of the agreement in this case to Defendant Lahr in Pennsylvania. Lahr signed the agreement in Pennsylvania, and on or about October 5, 1988, the parties entered into the contract which is in dispute herein. Therein, Plaintiff agreed to perform specified services in connection with the design of an 18 hole golf course in Pennsylvania. The contract and a $5,000.00 retainer was mailed to Plaintiff's office in Lakeland, Florida.

5. As has previously been stated in this order, the agreement contains a forum selection clause, establishing Polk County, Florida as the venue for contract disputes, and provides that the contract is to be "interpreted and construed in accordance with the laws of the state of Florida."

6. The majority of the design services, including preparation of various types of plans and specifications, were to be performed by Plaintiff in Florida. It was neither required nor expected that Plaintiff would maintain an office or other facilities for the preparation of plans and performance of other design functions at the proposed construction site in Pennsylvania. It was contemplated that Plaintiff would make periodic site visits.

7. On January 23, 1989, Defendant Lahr, Mr. Brown, and Mr. Garl met in Orlando, Florida to discuss the project, devise a plan to move the plan forward, and to inspect other courses designed by Plaintiff. Plaintiff asserts that the parties, including Mr. Lahr, Mr. Brown, Mr. Garl, and Mr. Whelchel, Plaintiff's employee, met in Florida on more than one occasion to discuss the project.

8. At the time the agreement was entered into, Defendant Lahr was acting individually and as the promoter of corporation to be formed. It was understood by Plaintiff and Lahr that Lahr intended to form a corporation for the purpose of developing and marketing a real estate development consisting of residential lots, an 18 hole golf course, and other amenities to be known aa "Mayapple" or "Mayapple Golf Links."

9. It was understood and agreed that the corporation to be formed would succeed to the rights and obligations of the owner under the agreement. It was never agreed that the formation of the corporation and subsequent adoption or ratification of the agreement by the corporation would release Lahr from personal liability nor was it agreed that Plaintiff would look solely to the corporation for payment.

10. Subsequent to the execution of the agreement, Mayapple was formed and succeeded the rights and obligations of the owner under the agreement and adopted and ratified the agreement.

11. By letter from its attorney dated October 10, 1989, Defendant Mayapple notified Plaintiff of its election to terminate the agreement. In that letter Mayapple acknowledged that it had succeeded to the rights of Mr. Lahr.

DISCUSSION

Both Defendants assert that the Court lacks jurisdiction over them, in that they contend there are insufficient contacts with the State of Florida to satisfy the long-arm statute. Section 48.193(1)(g), Florida Statutes, commonly known as the long-arm statute, subjects to Florida jurisdiction any person: "Breaching a contract in this state by failing to perform acts required by the contract to be performed in this state." The question is whether these Defendants, under the facts of this case, may be subjected to the jurisdiction of this Court by applying the long-arm statute to those facts.

In deciding whether jurisdiction is conferred on this Court over these non-resident defendants, two questions must be posed and answered in the affirmative: First, the Court must find that Defendants are amenable to service under § 48.193(1)(g), and, additionally, does the assertion of jurisdiction comport with due process. *Davis v. Pyrofax Gas Corp.*, 492 So.2d 1044 (Fla.1986).

Even where there is facial jurisdiction under the Florida long-arm statute, the party over which jurisdiction is asserted must have had sufficient minimum contacts with Florida to satisfy due process requirements. *Lakewood Pipe of Texas, Inc. v. Rubaii*, 379 So.2d 475 (Fla. 2d D.C.A.1979), citing, *Rebozo v. Washington Post Co.*, 515 F.2d 1208 (5th Cir.1975) and *Jack Pickard Dodge, Inc. v. Yarbrough*, 352 So.2d 130 (Fla. 1st D.C.A.1977).

Federal due process imposes certain restraints on a state's long-arm statute. *Poston v. American President Lines, Ltd.*, 452 F.Supp. 568, 572 (S.D.Fla.1978). The Supreme Court has reaffirmed constitutional due process dictates in regard to exercise of personal jurisdiction. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472–474, 105 S.Ct. 2174, 2181–2183, 85 L.Ed.2d 528 (1985).

The Due Process Clause protects an individual's liberty interest in not being subject to the binding judgments of a forum with which he has established no meaningful "contacts, ties, or relations." *International Shoe Co. v Washington*, 326 US [310], at 319, 90 L Ed 95, 66 S Ct 154 [at 160], 161 ALR 1057 [1945]. By requiring that individuals have "fair warning that a particular activity may subject [them] to the jurisdiction of a foreign sovereign," *Shaffer v Heitner*, 433 US 186, 218, [53] L Ed 2d 683, 97 S Ct 2569 [2587] (1977) (Stevens, J., concurring in judgment), the Due Process Clause "gives a degree of predictability to the legal system that allows potential defendants to structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit," *World–Wide Volkswagen Corp. v Woodson*, 444 US 286, 297, 62 L Ed 2d 490, 100 S Ct 559 [567] (1980).

Where a forum seeks to assert specific jurisdiction over an out-of-state defendant who has not consented to suit there, this "fair warning" requirement is satisfied if the defendant has "purposefully directed" his activities at residents of the forum, *Keeton v Hustler Magazine, Inc.*, 465 US 770, 774, 79 L Ed 2d 790, 104 S Ct 1473, 1478 (1984), and the litigation results from alleged injuries that "arise out or relate to" those activities, ...

Notwithstanding these considerations, the constitutional touchstone remains whether the defendant purposefully established "minimum contacts" in the forum State. *International Shoe Co. v Washington*, supra [326 U.S. 310] at 316, 90 L Ed 95, 66 S Ct 154 [at 158], 161 ALR 1057 ... "the foreseeability that is critical to due process analysis ... is that the *defendant's conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there.*" (Cite omitted) (Footnotes omitted) (Emphasis added).

■ Allegations that Defendant failed to make payments, per the contract, in Florida is sufficient to bring this action within the ambit of section 48.193(1)(g). *Unger v. Publisher Entry Service, Inc.*, 513 So.2d 674 (Fla. 5th D.C.A.1987). Defendant Mayapple raises the issue of its obligation to make payments to Plaintiff. For the pur-

poses of the motion to dismiss, the Court must resolve all factual disputes in favor of Plaintiff and then determine if there is a factual scenario under which Plaintiff would have a cause of action against Mayapple. It is clear that there is such a scenario in this case and Defendant Mayapple is found subject to the long-arm statute of Florida. However, this only satisfies the first of the questions that have to be answered in the affirmative to confer jurisdiction.

The second question is whether or not this assertion of jurisdiction comports with due process. In *In re Magnacard, Inc.,* 1987 WL 49528 (1–8–87), this Court adopted the reasoning of *National Equipment Leasing, Inc. v. Watkins,* 471 So.2d 1369, 1370–1371 (Fla. 5th D.C.A.1985):

> A judicial holding that solely by failing to make contractual payments due in any foreign state the payor impliedly consents to submit himself to the jurisdiction of such foreign state and impliedly agrees that it is reasonable to expect him to defend law actions in such foreign state, exceeds the bounds of common sense and reason and of constitutional due process.... Where a non-resident debtor's *only contact with a forum state is that he did not pay money* that, contractually, he owed and should have paid in the forum state, other courts have held that the debtor had insufficient contacts with the forum state to satisfy due process standards. (Cite omitted) (Footnotes omitted) (Emphasis added).

■ There are more contacts with Florida in this case than just the payment of money due under the contract in Florida. The facts as asserted by the parties establish that: 1) the contract between the parties asserted that Florida law would be applicable and that venue would be in Polk County, Florida; 2) Defendants made at least one, and perhaps several, trips to Florida after the execution of the contract in furtherance of the project; and 3) the contract contemplated that most of the design services to be performed by Plaintiff would be performed in Florida.

Without having to decide if each of these "facts" would individually establish the minimum contacts necessary for due process, the Court finds that severally they do so establish the minimum contacts necessary for due process. The Court finds that the motion to dismiss for lack of personal jurisdiction should be denied as to both Defendants, at this time. There may be factual questions as to Mayapple's succession to the rights and obligations of Lahr but the resolution of those issues is inappropriate in a motion to dismiss.

Finally, Defendant Mayapple asserts that the action should be dismissed for failure to state a cause of action against it. As stated previously, the factual issues raised by the motion to dismiss must be resolved other than by a motion to dismiss. The Court concludes that Plaintiff states a cause of action against Defendant Mayapple. Accordingly, it is

ORDERED that Plaintiff's motion to remand be denied; the motions to dismiss be denied; and Defendants shall have ten (10) days from the date of this order in which to answer the complaint.

DONE and ORDERED.