**SUBMERSIBLE SYSTEMS TECHNOLOGY, INC.,**
Plaintiff,

v.

**21ST CENTURY FILM CORPORATION, INC.,**
Defendant.

No. 91–8178–Civ.

United States District Court,
S.D. Florida.

June 28, 1991.

Gerald S. Lesher of Cooney, Ward, Lesher & Damon, West Palm Beach, Fla., for plaintiff.

Martin J. Barab and Daniel A. Hart of Law Offices of Martin J. Barab, Beverly Hills, Cal., and Diane M. Perry, Fort Lauderdale, Fla., for defendant.

ORDER

GONZALEZ, District Judge.

THIS CAUSE has come before the Court upon the defendant's Notice of Removal. The plaintiff has filed a Response to the Notice asking the Court to remand the cause to the state court. The matter is now ripe for disposition.

I. Background

The plaintiff and the defendant entered into a charter agreement pursuant to which the defendant chartered three of the plaintiff's vessels. The plaintiff allegedly was harmed when the defendant failed to pay the amount owed under the agreement and when the defendant returned the vessels damaged. As a result, the plaintiff then brought suit in the Circuit Court for the Fifteenth Judicial Circuit in and for Palm

---

Beach County, Florida, which is the state court of general jurisdiction in Palm Beach County. *See* Fla.Stat. §§ 26.012 & 26.021 (1991). The defendant then filed its Notice of Removal.

## II. Plaintiff's Request For Remand

The plaintiff responded to the Notice of Removal by asking the Court to remand the case. Essentially, the plaintiff contends that the Court should remand the case because the defendant waived the right to remove when the defendant executed the charter agreement. The plaintiff's argument derives from section sixteen of the charter agreement in which section the parties agreed that "[s]ole and exclusive venue for any legal action arising out of this Agreement shall be in the Circuit Court in and for Palm Beach County, Florida." When the defendant entered into a charter agreement containing this clause, the plaintiff contends, the defendant waived its right to remove any lawsuit arising out of the charter agreement.

## III. Discussion

The plaintiff's argument is not novel. Various other federal courts have considered the same issue. Most recently, in *Links Design, Inc. v. Lahr*, 731 F.Supp. 1535 (M.D.Fla.1990), the United States District Court for the Middle District of Florida expressly noted that a forum selection clause may constitute a waiver of a defendant's right to remove an action to federal court. However, the Court cautioned that, to be effective as a waiver, such a clause must be clear and unequivocal.

The court's ruling in *Links Design* turned ultimately upon the language of the forum selection clause which provided that "[i]n the event that any legal action is taken in connection with this Agreement, the proper venue for said action shall be Polk County, Florida." *Id.* at 1536. The court found this clause to be subject to two reasonable interpretations: (1) that the case is subject to removal to the federal district court for the district including Polk County and (2) that the clause required the parties to proceed only in the state courts of Polk County. *Id.* Accordingly, as the clause was subject to differing interpreta-

tions, the court held that the forum selection clause did not constitute a clear and unequivocal waiver of the right to remove and denied the motion to remand. *Id.*

Other district courts also have had occasion to consider the issue. In *John's Insulation, Inc. v. Siska Construction Co.*, 671 F.Supp. 289 (S.D.N.Y.1987), the district court refused to remand based on a forum selection clause which provided that "any action hereunder shall be commenced in the Supreme Court of the State of New York." The *John's Insulation* court reasoned that the clause was subject to two reasonable interpretations because the clause included the phrase "shall be commenced." The court found that it would be reasonable to find that the clause did not constitute a waiver of the defendant's right to remove because the clause might be interpreted to require only that any suit be "commenced" in a New York Supreme Court. Simply because the suit had to be "commenced" in the state court, the court reasoned, did not automatically preclude the defendant from removing the action after it was commenced.

In contrast, the district court in *Intermountain Systems, Inc. v. Edsall Construction Co.*, 575 F.Supp. 1195 (D.Colo. 1983), remanded the cause based on a forum selection clause which provided that "venue shall be in Adams County, Colorado." The district court in *Intermountain Systems* expressly rejected the argument that the clause was ambiguous because it might be interpreted as also referring to the federal district court in Colorado. *Id.* at 1198. *Cf. LFC Lessors, Inc. v. Pacific Sewer Maintenance Corp.*, 739 F.2d 4 (1st Cir.1984) (holding that a forum selection clause which provided that the agreement "shall be interpreted ... in accordance with the law, and in the courts, of the Commonwealth of Massachusetts ..." was intended to mean that all actions on the contract had to be brought in the Massachusetts state court).

It appears well settled that a forum selection clause may constitute a waiver of one's right to remove an action from a state court to a federal court. To be effec-

tive as a waiver of one's right to remove, however, a forum selection clause must be clear and unequivocal. The clause must provide unambiguously that all litigation arising under the subject contract is to be conducted in a specific state court before such a clause may prevent removal.

After assessing the forum selection clause at issue here, the Court finds that the clause is both clear and unequivocal. The clause appears unambiguously to provide that the sole and exclusive venue for this action is the state circuit court in and for Palm Beach County, Florida, which of course is the Fifteenth Judicial Circuit. Unlike the clauses at issue in *Links Design* and in *Intermountain Systems*, the clause here specifically refers to the "circuit court" in and for Palm Beach County. It does not generically say that "venue shall be in Palm Beach County." Moreover, unlike the clause at issue in *John's Insulation*, the clause here provides that "[s]ole and exclusive venue" shall be in the circuit court. It does not merely recite that the action "shall be commenced" in the circuit court, which, if it had, would leave open the possibility, as it did in *John's Insulation*, that one might construe the clause to require the suit to be commenced in the circuit court but still to permit removal after "commencement." Finally, the defendant's argument that the clause is ambiguous because one might construe its reference to a "circuit court" as a reference to a federal district court within the territory of the United States Court of Appeals for the Eleventh Circuit is both unreasonable and attenuated. The Court rejects it.

After carefully considering the clause at issue here, the Court holds that the forum selection clause in section sixteen of the charter agreement constituted a waiver by both parties of their right to remove any action arising out of the agreement from the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida to the United States District Court for the Southern District of Florida. Consequently, the Court will remand the case.

In *M/S Bremen v. Zapata Off–Shore Co.*, 407 U.S. 1, 92 S.Ct. 1907, 32 L.Ed.2d 513 (1972), the Supreme Court held that forum selection clauses are prima facie valid and enforceable unless the resisting party can show that enforcement would be unreasonable or unjust, or that the clause was invalid because of fraud or over-reaching. Nothing in the record indicates that any of these exceptions apply to render the forum selection clause at issue here unenforceable. Where the parties to a commercial contract unambiguously provide in that contract that all disputes arising out of the contract are to be litigated in a specific court, this court will not lightly interfere with their expressed intention.

Accordingly, having reviewed the Notice of Removal, the plaintiff's Response to the Notice, and the record, and being otherwise duly advised, it is hereby:

ORDERED and ADJUDGED that the above-styled action is REMANDED to the Circuit Court for the Fifteenth Judicial Circuit in and for Palm Beach County, Florida.

DONE AND ORDERED.