Michael VOORHEES, Plaintiff,

v.

CILCORP, INC., Environmental Science & Engineering, Inc., and Hunter Environmental Services, Inc., Defendants.

United States District Court, M.D. Florida, Tampa Division.

Oct. 14, 1993.

Order Granting Clarification of Order Nov. 16, 1993.

William E. Lowe, Yetter & Lowe, P.A., Bradenton, FL, for plaintiff.

Kurt Hughes Dunkle, G. Kenneth Norrie, Rogers, Towers, Bailey, Jones & Gay, Jacksonville, FL, for defendants.

## ORDER

KOVACHEVICH, District Judge.

This cause is before the Court on the Rule 12(b)(2) motions of Defendants Cilcorp, Inc. (Cilcorp) and Hunter Environmental Services, Inc. (HESI). Specifically, Defendant Cilcorp alleges that Plaintiff's Amended Complaint fails to adequately plead personal jurisdiction as to Cilcorp, or to allege facts which might demonstrate general or specific jurisdiction as to Cilcorp under Florida Statute section 48.193(2). In addition, Defendant Cilcorp moves to dismiss Plaintiff's Amended Complaint for insufficient process. Defendant HESI alleges that Plaintiff's Amended Complaint fails to adequately plead, or allege facts which could support an allegation of, personal or general jurisdiction over HESI. Both defendants support their motions by affidavits.

### I. STANDARD OF REVIEW

In a diversity action, a plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute. It is not necessary to plead the supporting facts. *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502 (Fla.1989). After a defendant raises a meritorious challenge to the jurisdiction of the court by the use of affidavits, documents or testimony, the burden is upon the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Jet Charter Service, Inc. v. Koeck,* 907 F.2d 1110, 1111 (11th Cir.1990); *Sims v. Sutton,* 451 So.2d 931 (Fla. 3d DCA 1984). Where the affidavits cannot be harmonized, the trial court must hold a limited evidentiary hearing to determine the jurisdiction issue. *Venetian Salami,* 554 So.2d at 503.

### II. BACKGROUND

Plaintiff Michael Voorhees is the inventor and owner of a computer software program called "Intersat". Approximately December 18, 1986, HESI entered agreed with Voorhees to use Intersat in its business. Their agreement was to be governed by Florida law and payments were to be made to Plaintiff, who resides in Florida. The agreement gave HESI authority to issue licenses to use Intersat, and to collect fees therefor from which Voorhees would be entitled to compensation.

Section 2 of the License Agreement between Voorhees and HESI required that HESI pay Voorhees $60,000.00 in December of 1988 for a two-year renewal of HESI's license to use Intersat. Section 3 of the agreement stated that at the end of the additional two-year period, HESI had the option to renew for an additional three-year period, in exchange for compensation to Voorhees as set out in Section 3 of the agreement.

Plaintiff alleges that HESI was acquired by either Defendant Environmental Science & Engineering, Inc. (ESE) or Defendant Cilcorp sometime after December, 1986. Plaintiff states that the acquiring corporation succeeded to HESI's rights and obligations under the license agreement between Voorhees and HESI. Plaintiff asserts that HESI and its successors in interest continued to exercise the Intersat program, and received license fees from customers to whom licenses to use Intersat were issued. Plaintiff states that Defendants used and accepted the benefits of Intersat but failed to pay Plaintiff. Plaintiff specifically asserts that ESE used Intersat to develop other software, as a sales tool, and to perform services for customers.

In the jurisdictional allegations of his Amended Complaint, Plaintiff pleaded that Cilcorp is a corporation organized and existing under the laws of the State of Illinois, doing business in the State of Florida. He similarly pleaded that ESE is a corporation organized and existing under the laws of the State of Illinois. However, he additionally stated that ESE has a principal place of business in Sarasota County, Florida, and is a wholly-owned or majority owned subsidiary or affiliate of Cilcorp. Finally, Plaintiff stated that HESI is a corporation organized and existing under the laws of the State of Delaware.

Plaintiff requests an accounting and damages for breach of contract. He prays for the first renewal fee of $60,000.00, as well as additional money to reflect usage from December 17, 1990 through August of 1991.

## III.  DISCUSSION

### A.  Governing Law

■ In a federal diversity action, the presence or absence of personal jurisdiction is determined according to the law of the state in which the district court is situated. *Pizzabiocche v. Vinelli*, 772 F.Supp. 1245 (M.D.Fla.1991). The court must first look to the applicable state long-arm statute, in this case Florida Statute section 48.193. *Id.*

■ The requisite minimum contacts required by due process are not built into Florida's long-arm statute. *Venetian Salami Co. v. Parthenais*, 554 So.2d 499, 500 (Fla. 1989). Where a defendant has not established "minimum contacts" within the forum state, an allegation that the Defendant is subject to the requirements of the forum's long-arm statute is insufficient to establish personal jurisdiction because the constitutional requirements of due process are not necessarily satisfied. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); *Jet Charter Service*, 907 F.2d at 1113; *Venetian Salami*, 554 So.2d 499 (Holding that "mere proof of any one of the several circumstances enumerated in [Florida's long-arm statute] . . . does not automatically satisfy the due process requirement of minimum contacts.").

■ Due process requires that the defendant's conduct and connection with the forum state be such that the defendant could reasonably anticipate being called into court there. *World Wide Volkswagen v. Woodson*, 444 U.S. 286, 297, 100 S.Ct. 559, 567, 62 L.Ed.2d 490 (1980). For instance, [standing alone] the existence of a contractual relationship between a nonresident defendant and a Florida resident is not sufficient in itself to meet the requirements of due process. *Jet Charter Service*, 907 F.2d at 1113; *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). Similarly, the mere failure to pay money in Florida would not suffice to obtain jurisdiction over a nonresident defendant. *Venetian Salami*, 554 So.2d at 503 (wherein trial court was requested to conduct evidentiary hearing to reconcile parties' affidavits containing conflicting information as to the location at which a contract was entered into by the parties, and where payment was to be made). Again, in *Hatcher v. Hatcher*, Florida's Fifth District Court of Appeal found that a defendant could not be said to have reasonably anticipated being haled into court in Florida because the quality of the transaction was "random, fortuitous, and attenuated." 598 So.2d 214 (Fla. 2nd DCA 1992). Within this non-commercial setting, plaintiff did not achieve jurisdiction over a defendant who was a resident of Alaska, because although defendant entered into the contract with the plaintiff while in Florida, he was visiting Florida for the sole purpose of attending his son's funeral.

### B.  Personal Jurisdiction as to Cilcorp

■ Defendant Cilcorp argues that Plaintiff's allegations supporting this Court's jurisdiction over Defendant are insufficient. Defendant states that Plaintiff's sole assertions are that Cilcorp is an Illinois corporation doing business in the State of Florida.

Defendant Cilcorp has attached an Affidavit prepared by John G. Sahn to its Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint in order to negate Plaintiff's allegation of jurisdiction. Summarized, the Affidavit of Sahn states that he has been the Vice President of Cilcorp since February 1, 1989. He states that ESE is a subsidiary of Cilcorp. He denies that Cilcorp was ever known as Hunter/Hydrosoft, Inc., and states that in February of 1990, Hunter/Hydrosoft, Inc. was merged into ESE. The Sahn affidavit asserts that Cilcorp has never been qualified to do business in Florida, nor maintained a registered agent for service of process in Florida.

In the Amended Complaint, Plaintiff alleged not only that Cilcorp is an Illinois Corporation doing business in Florida, but also that Cilcorp acquired HESI together with its rights and obligations under the contract with Plaintiff. Plaintiff further asserts that Cilcorp is the parent corporation of ESE. Plaintiff has not supplemented the Amended Complaint to rebut Defendant's assertions.

Because the Sahn affidavit submitted by Defendant Cilcorp directly refutes Plaintiff's allegations of jurisdiction, the pleadings cannot be reconciled. In such a circumstance, a trial court may hold a limited evidentiary hearing to resolve the issue of jurisdiction. *Venetian Salami*, 554 So.2d at 502.

Defendant Cilcorp's Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint also contends that Plaintiff has not alleged facts by which either "general" or "specific" jurisdiction such as would permit service of process under Florida Statutes sections 48.081(5) or 48.193(1). In light of this Court's determination to hold an evidentiary hearing as to jurisdiction, it is not necessary to resolve Defendant's additional arguments as to specific or general jurisdiction.

### C. Service of Process as to Defendant Cilcorp

Finally, Defendant Cilcorp contends that Plaintiff's initial summons was addressed to a subsidiary of Cilcorp merged out of existence several years prior to the filing of Plaintiff's Amended Complaint. In support of this assertion, Defendant has attached the Affidavit of Information of Anne Boutilier, Supervisor of Process for C T Corporation System. The Affidavit states that Cilcorp/Hydrosoft Acquisition merged into Hunter/Hydrosoft, Inc. on February 16, 1990. The registered agent for Hunter/Hydrosoft is Prentice–Hall Corporation of Tallahassee, Florida. C T Corporation System was the registered agent for Cilcorp/Hydrosoft Acquisition, Inc. prior to the merger. Exhibit A attached to Defendant's Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint confirms that the summons was addressed to Cilcorp, Inc./Hydrosoft Acquisition, Inc.

Defendant did receive Plaintiff's second attempt to serve process pursuant to an Alias Summons addressed to Cilcorp, Inc. n/k/a Hunter/Hydrosoft, Inc., through Prentice–Hall Corporation System, Inc. as Registered Agent. Defendant's Memorandum states that Cilcorp has never been known as Hunter/Hydrosoft, Inc., nor has it ever used Prentice–Hall Corporation System as its Registered Agent in Florida. The Sahn Affidavit

supports Defendant's assertion that Hunter/Hydrosoft, Inc. merged into ESE (Cilcorp's subsidiary) in February of 1990.

On the basis of the C T Corporation Affidavit and the Sahn Affidavit, this Court concludes that Plaintiff's service of process on Cilcorp was not fatally insufficient. Both summons were addressed to Cilcorp and it is reasonable to conclude that Plaintiff had in mind the Cilcorp Corporation. *Jackson v. Duke*, 259 F.2d 3, 7 (5th Cir.1958)

Rule 4(h) of the Federal Rules of Civil Procedure provides that a court may allow amendment of process to perfect the original process, providing it will not result in material prejudice to the rights of a party. When a defect in process is found, Rule 4(h) does not require that the party be served anew. The court may have personal jurisdiction over a defendant served with imperfect process. *Sanderford v. Prudential Ins. Co. of America*, 902 F.2d 897, 900 (11th Cir. 1990); *Jackson*, 259 F.2d at 6.

### D. Personal Jurisdiction as to HESI

Defendant HESI argues that Plaintiff's allegations supporting this Court's jurisdiction over Defendant are insufficient. Defendant states that Plaintiff's sole assertions are that HESI is a Delaware corporation.

Plaintiff does assert HESI is a corporation organized and existing under the laws of the State of Delaware. In addition, Plaintiff asserts that HESI entered into a contract with Plaintiff in the State of Florida, implicitly agreeing to send payment on a regular and ongoing basis to Plaintiff's residence in Florida.

In addition, Plaintiff's Amended Complaint specifically states that the agreement between HESI and Plaintiff was to be governed by Florida law. A forum selection clause is upheld unless the court determines that enforcement would be unreasonable, or that the clause is invalid for reasons such as fraud or overreaching. *Links Design, Inc. v. Lahr*, 731 F.Supp. 1535 (M.D.Fla.1990). No such assertions have been made by Defendant. Taken together in a non-commercial setting, these facts are sufficient to establish

"minimum contacts" and to provide Defendant with notice of the possibility of answering to a court in Florida. *Fla.Stat.* § 48.-193(1)(g); *Burger King,* 471 U.S. at 480, 105 S.Ct. at 2186.

■ Defendant attempts to rebut Plaintiff's assertions by attaching the Affidavit of Gregg T. Davis, HESI's Vice President and Chief Financial Officer. Summarized in relevant part, the Affidavit states that HESI does not do business in the State of Florida, has not breached a contract within the State of Florida, nor is engaged in substantial activity herein. Affiant states that HESI purchased Hydrosoft, Inc. in December of 1986, of which corporation Plaintiff was President. From December, 1986 through February, 1990, Hydrosoft functioned as a wholly owned subsidiary of HESI. Affiant asserts that Hydrosoft was the direct licensee of Intersat and that HESI had no involvement therein. After February, 1990, HESI and Hydrosoft were acquired by Cilcorp.

Although the Davis Affidavit submitted by Defendant HESI attempts to negate Plaintiff's allegations of jurisdiction, it fails to refute Plaintiff's contention that HESI entered into a contract through its subsidiary Hydrosoft, which was to be governed by Florida law. Further, Defendant's rebuttal fails to refute that HESI succeeded to Hydrosoft's rights and obligations in its subsequent acquisition. As a subsidiary of Cilcorp, HESI is apparently a viable corporation, which was served through its resident agent and which allegedly retains obligation under a contractual agreement with a resident of Florida, to be performed in Florida, and governed by Florida law.

Since Plaintiff's allegations of jurisdiction have not been totally negated, this Court does not find that a limited evidentiary hearing is necessary to resolve the issue of jurisdiction as to Defendant HESI. *Venetian Salami,* 554 So.2d at 502. Accordingly, it is

**ORDERED** that the Motion to Dismiss Plaintiff's Amended Complaint as to the Defendant Cilcorp be denied. Plaintiff will be permitted to amend process as against Cilcorp to accurately reflect its corporate identity. In addition, this Court hereby refers this case to a magistrate judge for the purpose of a limited evidentiary to determine jurisdiction over Defendant Cilcorp. The Motion to Dismiss Plaintiff's Amended Complaint submitted by Defendant HESI is denied.

**DONE AND ORDERED.**

### ORDER ON MOTION FOR RECONSIDERATION OR CLARIFICATION

This cause is before the Court on Defendants Cilcorp, Inc. (Cilcorp) and Hunter Environmental Services, Inc. (HESI) Motions for Reconsideration or Clarification of the Court's Order of October 14, 1993 denying Defendant's Motions to Dismiss for lack of personal jurisdiction. Defendant HESI requests clarification of the record to correct an erroneous finding to the effect that HESI is a subsidiary of Cilcorp. Defendant Cilcorp requests reconsideration of the Court's determination that service of process as to Defendant Cilcorp was sufficient, and clarification of its relationship to Defendant HESI.

### I. STANDARD OF REVIEW

■ In the cause before the Court, the Defendants request clarification or modification of this Court's interlocutory order. The decision to alter or amend a judgment is left to the sound discretion of the district court. *Leigh v. Engle,* 723 F.Supp. 1272 (N.D.Ill. 1989).

### II. BACKGROUND

On October 14, 1993, this Court denied Defendant Cilcorp's Motion to Dismiss Plaintiff's Amended Complaint, providing Plaintiff leave to amend process as against Cilcorp to accurately reflect its corporate identity. In addition, the Court directed that a limited evidentiary hearing be conducted to determine Florida's jurisdiction over Defendant Cilcorp. In this same Order, this Court denied Defendant HESI's Motion to Dismiss Plaintiff's Amended Complaint for lack of personal jurisdiction.

The relevant allegations of the pleadings, upon which basis the Court entered this Order, are as follows. Plaintiff Michael Voorhees is the inventor and owner of a comput-

er software program called "Intersat." Plaintiff alleges that on or around December 18, 1986, HESI entered into an License Agreement with Plaintiff to use Intersat in its business. Plaintiff asserts that Defendant Cilcorp purchased HESI on or around December, 1986, thus succeeding to HESI's rights and obligations under the License Agreement.

In its Motion to Dismiss, Defendant HESI contended that its subsidiary, Hydrosoft, Inc., was actually the licensee under the Agreement, and that HESI had no direct knowledge of, or involvement in, the Agreement. The Davis Affidavit submitted on behalf of Defendant HESI states that Hydrosoft, Inc. and Hunter/ESE, Inc. were HESI subsidiaries purchased by Defendant Cilcorp in 1990. It further states that Plaintiff was the President of Hydrosoft, Inc. during the time period in question.

Defendant Cilcorp's Motion to Dismiss argued that Plaintiff failed to plead personal jurisdiction as to Cilcorp, or to allege facts which might demonstrate general or specific jurisdiction as to Cilcorp under Florida Statute section 48.193(2). In addition, Defendant asserted that Plaintiff's process was insufficient as to Cilcorp. After examination of the summons and the pleadings, this Court gave Plaintiff leave to amend process to accurately reflect Cilcorp's corporate identity, and ordered a limited evidentiary hearing to determine jurisdiction. Defendant Cilcorp also contended that Plaintiff's service of process was insufficient because Plaintiff served the resident agents for former subsidiaries of Cilcorp in Florida, arguing that Cilcorp was an Illinois Corporation with no resident agent in Florida.

### III. RECONSIDERATION OF SUFFICIENCY OF PROCESS & SERVICE OF PROCESS

Defendant Cilcorp's memorandum stated that Cilcorp had engaged in no activity which would make it susceptible to jurisdiction under Florida Statute section 48.193, Florida's Long–Arm Statute. In addition, Defendant does not maintain a resident agent within the State of Florida. The Sahn Affidavit, submitted in support of its Cilcorp's Motion to Dismiss, stated that on February 16, 1990, "for financial structuring purposes, Hunter/Hydrosoft, Inc., f/k/a Hydrosoft, Inc. along with other corporate entities including Hunter/ESE, Inc., a subsidiary of HESI, merged with various subsidiaries of Cilcorp." (Exhibit A, at 4). Allegedly, the merger of Cilcorp/Hydrosoft Acquisition, Inc. into Hydrosoft, Inc. subsumed the former's corporate existence. "Some of these merged entities were renamed Environmental Science & Engineering, Inc. (ESE)." (Sahn Affidavit to support Motion to Dismiss of Defendant Cilcorp, Labeled Exhibit A, at 4). A Sahn Affidavit appended to Defendant Cilcorp's Memorandum supporting its Motion to Dismiss stated that Hunter/Hydrosoft, Inc. was merged into Environmental Science & Engineering, Inc. (ESE), a subsidiary of Cilcorp, on February 17, 1990. (Exhibit C, at 2).

Plaintiff's initial summons was directed to Cilcorp, Inc./Hydrosoft Acquisition, Inc. via C T Corporation System, Registered Agent. Defendant Cilcorp submitted the Affidavit of Anne Boutilier declaring that C T Corporation showed no current listing for Cilcorp/Hydrosoft, and that Cilcorp/Hydrosoft Acquisition, Inc. had been merged into Hunter/Hydrosoft, Inc. whose registered agent is Prentice–Hall Corporation System, Inc.

Plaintiff then directed an Alias Summons to Cilcorp, Inc. n/k/a Hunter/Hydrosoft, Inc. via Prentice–Hall Corporation System, Inc., Registered Agent. In its Motion to Dismiss and its current Motion for Reconsideration, Defendant Cilcorp contends that Service was insufficient in that Cilcorp, Inc. cannot be served via the resident agent for former subsidiaries located in Florida, since Defendant itself has no resident agent in Florida.

This Court's statement to the effect that "HESI and Hydrosoft were purchased by Cilcorp" was in error; rather, Cilcorp subsidiaries merged with subsidiaries of HESI, Hydrosoft, Inc. and Hunter/ESE, Inc. However, Plaintiff alleged in his Amended Complaint that Cilcorp purchased HESI, and thereby succeeded to its rights and obligations under the License Agreement. While Defendant Cilcorp has produced evidence that it did not purchase HESI, it conceded that it purchased or merged its subsid-

iaries with those of HESI. Defendant Cilcorp has produced no evidence that it did not succeed to the rights and obligations of HESI's subsidiaries when its subsidiaries were merged with subsidiaries of Cilcorp. Indeed, it is the parent corporation of ESE, into which it asserts the HESI subsidiary, Hunter/Hydrosoft, Inc. was merged.

The Sahn affidavits show that Cilcorp, Inc. has no direct contacts with Florida. If Cilcorp, Inc. is doing business in Florida, it can only be doing so indirectly through its subsidiaries, Hydrosoft, Inc., and/or ESE. Plaintiff has not demonstrated that either of these subsidiaries are the alter ego or instrumentality by which Cilcorp, Inc. conducts business in Florida. *Hermetic Seal Corp. v. Savoy Electronics, Inc.,* 290 F.Supp. 240, 242 (S.D.Fla.1967).

■ The mere existence of a parent-subsidiary relationship does not validate service upon the subsidiary in order to reach the parent under a long-arm statute. *Cannon Manufacturing Co. v. Cudahy Packing Co.,* 267 U.S. 333, 45 S.Ct. 250, 69 L.Ed. 634 (1925); *Berkman v. Ann Lewis Shops,* 246 F.2d 44 (2nd Cir.1957). However, if a Florida subsidiary is a distributor, jobber, wholesaler or broker through which the parent sells its products in Florida, the parent may be within the jurisdiction of the Court. *Donnelly v. Kellogg Co.,* 293 F.Supp. 53, 54 (S.D.Fla.1968).

■ The scope of the limited evidentiary hearing previously ordered as to jurisdiction over Cilcorp, Inc. will be expanded to include an examination of its relationship with Hydrosoft, Inc., to determine if the subsidiary sells, consigns, or leases tangible or intangible property on behalf of Cilcorp, Inc. If Hydrosoft, Inc. is found to be a distributor, jobber, wholesaler, or broker for Cilcorp, service will be deemed to have been sufficient. *Donnelly,* 293 F.Supp. at 54. Should the parent corporation and its subsidiary have no such relation, but rather be separate legal entities with separate legal identities, service as to Defendant Cilcorp, Inc. was insufficient. *Id.* at 54.

**ORDERED** that Defendant Cilcorp's and Defendant HESI's Motions for Clarification are granted. The statement in this Court's Order dated October 14, 1993 to the effect that "After February, 1990, HESI and Hydrosoft were acquired by Cilcorp" is **amended** to read: "After February, 1990, Hydrosoft and Hunter/ESE, Inc., subsidiaries of HESI, were merged with subsidiaries of Cilcorp, Inc." The scope of the limited evidentiary hearing previously ordered as to jurisdiction over Defendant Cilcorp, Inc. is **expanded** to include an examination of its relationship with the subsidiary Hydrosoft, Inc., to determine if Hydrosoft is a distributor, jobber, wholesaler or broker for Cilcorp, Inc. An order on Defendant Cilcorp's Motion for Reconsideration of this Court's Order on the Motion to Dismiss will be entered after evaluation of the recommendation of the Magistrate.

**DONE AND ORDERED.**