**MILLIGAN ELECTRIC CO., INC., Plaintiff,**

v.

**HUDSON CONSTRUCTION CO. and Home Insurance Company, Defendants.**

No. 95–30127–RV.

United States District Court, N.D. Florida, Pensacola Division.

May 12, 1995.

W.H.F. Wiltshire, Harrell Wiltshire Swearingen Wilson & Harrell, P.A., Pensacola, FL, for plaintiff Milligan Elec. Co., Inc.

Robert A. Emmanuel, Emmanuel Sheppard & Condon, P.A., Pensacola, FL, for defendants Hudson Const. Co., Inc., and Home Ins. Co.

## ORDER

VINSON, District Judge.

Pending is the motion of defendants Hudson Construction Co. and Home Insurance Company to dismiss the amended complaint for lack of personal jurisdiction over the defendants, or in the alternative, to abate or transfer the case. (Doc. 6). Also pending is the plaintiff's motion for limited discovery and a hearing. (Doc. 8).

## I. BACKGROUND

The following facts are all alleged in the amended complaint, and are accepted as true for purposes of the motion to dismiss. Plaintiff Milligan Electric Co., Inc. ("Milligan") is a Florida corporation doing business in Florida and Georgia as an electrical and plumbing contractor and subcontractor, with its principal place of business in Crestview, Florida. Defendant Hudson Construction Co. ("Hudson") is a Tennessee corporation with its principal place of business in Chattanooga, Tennessee. Hudson has also done business in Gainesville, Georgia. Defendant Home Insurance Company ("Home") is a New Hampshire corporation, with its principal place of business in Manchester, New Hampshire. Home was authorized to do, and did, business in both Georgia and Florida.

Hudson was the general contractor for the construction of a Walmart Supercenter in Rome, Georgia. On January 6, 1994, Milligan entered into a subcontract agreement with Hudson to perform all the electrical work on the project. On the same date, Milligan entered into a second subcontract agreement with Hudson to perform the plumbing work on the project. The complaint alleges that Hudson subsequently breached both of the agreements, and that Hudson has failed to pay Milligan funds due under both.

It is also alleged that on April 29, 1994, Hudson conspired with Grayclaw Electrical Contractor's, Inc. ("Grayclaw") and Lawson Electric Co. ("Lawson") to interfere with and breach the electrical subcontract agreement between Hudson and Milligan. In furtherance of this conspiracy, Hudson engaged Grayclaw and Lawson to perform work within the scope of the electrical subcontract, and Grayclaw and Lawson intentionally interfered with and impeded Milligan's progress on the job.

On August 9, 1994, Milligan recorded a mechanics and materialman's claim of lien for $462,964.46 on the electrical work in the public records of Hall County, Georgia. Also on that same date, Milligan recorded a mechanic's and materialman's claim of lien for $87,237.73 on the plumbing work in the public records of Hall County, Georgia. Both claims thereby became liens on the Gainesville Walmart Supercenter property.

On September 26, 1994, Home Insurance issued and recorded two payment bonds as surety for Hudson. Payment bond No. F78–00–67 guaranteed payment of the lien claim arising from the plumbing subcontract up to twice the amount of the lien. Payment bond No. F78–00–68 guaranteed payment of the lien claim arising from the electrical subcontract up to twice the amount of the lien. Home has refused Milligan's demand for payment under the bonds.

Milligan filed a six-count complaint (now amended) in the Circuit Court in and for Okaloosa County, Florida. Counts I, II, and III purport to state claims against Hudson and Home for breach of the electrical and plumbing subcontracts at the Gainesville site and for breach of contract at the Rome site. Count IV purports to state a claim against Home for breach of the payment bonds. Count V purports to state a claim against Hudson for conspiracy to interfere with contractual relationship. Count VI, not relevant to this motion, seeks declaratory and injunctive relief against Southern Electric Supply Co., Inc. ("Southern") and CES Industries, Inc. ("CES"), two of Milligan's suppliers. Count VI has been compromised and settled between the parties, and Southern and CES have been dismissed as defendants.

Hudson and Home timely removed the case to federal court on the basis of diversity of citizenship. The defendants have now moved to dismiss the case for lack of personal jurisdiction, or in the alternative, to abate the case pending the completion of related litigation in Georgia state court, or to trans-

fer the case to the United States District Court for the Northern District of Georgia. (Doc 6).

## II. ANALYSIS

### A. Rule 12(b)(2) Motion to Dismiss Standard.

■ In order to survive a motion to dismiss for lack of personal jurisdiction when no evidentiary hearing is held, the plaintiff must establish a prima facie case of jurisdiction over the nonresident defendant. *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir. 1990), *citing, Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988). To establish a prima facie case of personal jurisdiction, the plaintiff must present evidence sufficient to defeat a motion for a directed verdict. *Id.*

### B. Florida Long–Arm Statute.

■ In diversity cases, a challenge to personal jurisdiction is analyzed first by determining whether a defendant can be properly served with process under the applicable state long-arm statute. *Sun Bank, N.A. v. E.F. Hutton & Co., Inc.,* 926 F.2d 1030, 1032 (11th Cir.1991). If not, the case must be dismissed for lack of personal jurisdiction. If the state long-arm statute permits assertion of jurisdiction, the court must then determine if sufficient "minimum contacts" exist to satisfy the due process requirements of the Fourteenth Amendment. *Id.* In applying the Florida long-arm statute, a district court is required to construe the statute as would the Supreme Court of Florida, since the reach of the statute is a question of state law. *Oriental Imports and Exports, Inc. v. Maduro & Curiel's Bank, N.V.,* 701 F.2d 889, 890–91 (11th Cir.1983). Florida's long-arm statute is strictly construed, and the burden of proving facts which justify use of the statute is on the plaintiff. *Id.* The Supreme Court of Florida has emphasized that, unlike in many jurisdictions, the ·Florida long-arm statute has not been construed as going to the limits of due process, and the jurisdictional analysis under the statute and the jurisdictional analysis under the federal constitution are distinct. *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 500 (Fla.1989).

Milligan has not filed any affidavits or evidentiary materials to attempt to establish a basis for jurisdiction. Instead, the plaintiff contends that the defendants' motion is not "meritorious" and should be summarily denied without consideration. Milligan advances two legal arguments in support of its contention, both based on language in *Voorhees v. Cilcorp, Inc.,* 837 F.Supp. 395, 398 (M.D.Fla.1993).

> In a diversity action, a plaintiff may seek to obtain jurisdiction over a nonresident defendant by pleading the basis for service in the language of the statute. It is not necessary to plead supporting facts. *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502 (Fla.1989). After a defendant raises a meritorious challenge to the jurisdiction of the court by the use of affidavits, documents, or testimony, the burden is upon the plaintiff to prove jurisdiction by affidavits, testimony or documents. *Jet Charter Service, Inc. v. Koeck,* 907 F.2d 1110, 1111 (11th Cir.1990); *Sims v. Sutton,* 451 So.2d 931 (Fla. 3d DCA 1984).

837 F.Supp. at 398.

First, the plaintiff, contends that *Voorhees* holds that it is not required to plead a basis for jurisdiction in the complaint. This misstates both the holding in *Voorhees* and the governing Florida law. The Supreme Court of Florida set out the pleading requirement in *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502 (Fla.1989) as cited in *Voorhees.·* The complaint must allege "sufficient jurisdictional facts to bring the action within the ambit of the statute." *Venetian Salami Co.,* 554 So.2d at 502 (quoting *Unger v. Publisher Entry Service, Inc.,* 513 So.2d 674, 675 (Fla. 5th DCA 1987), *rev. denied,* 520 So.2d 586 (Fla.1988)). *See also Pluess–Staufer v. Rollason Engineering and Manufacturing, Inc.,* 635 So.2d 1070, 1072 (Fla. 5th DCA 1994) (complaint must be dismissed when the "facts alleged are not sufficient to bring this cause within the ambit of the long-arm statute").

*Venetian Salami Co.* and *Voorhees* hold that the plaintiff may plead the basis for jurisdiction generally *in the language of the statute,* without pleading the specific facts. However, contrary to the plaintiff's asser-

tions, the complaint must contain a sufficient allegation of jurisdiction.[1]

■ The plaintiff's second argument is closely related to the first. The plaintiff denies that it has the initial burden of demonstrating jurisdiction. Milligan contends that the initial burden is on the defendants to show evidence of the lack of jurisdiction, and that only then does the plaintiff have any burden to demonstrate a prima facie case of *in personam* jurisdiction over the defendants. In support of its contention, the plaintiff relies upon the final sentence of the portion of the *Voorhees* opinion, quoted above. However, the shifting burdens are best described as follows:

> **Once the plaintiff pleads sufficient material facts to form a basis for *in personam* jurisdiction,** the burden shifts to the defendant to challenge plaintiff's allegations by affidavits or other pleadings. If the defendant sufficiently challenges plaintiff's assertions, then the plaintiff must affirmatively support its jurisdictional allegations and may not merely rely upon the factual allegations set forth in the complaint.

*Structural Panels, Inc. v. Texas Aluminum Industries, Inc.,* 814 F.Supp. 1058, 1064 (M.D.Fla.1993) (emphasis supplied) (citations omitted).

The law of this circuit is that the initial burden is on the plaintiff to plead a prima facie case of *in personam* jurisdiction over the defendants. Only if the plaintiff does that does the burden shift to the defendant to produce evidence refuting those allegations. If the defendant does so, the burden again shifts to the plaintiff to support the jurisdictional allegations. *See, e.g., Sun Bank, N.A. v. E.F. Hutton & Co., Inc.,* 926 F.2d 1030, 1032 (11th Cir.1991); *Madara v. Hall,* 916 F.2d 1510, 1514 (11th Cir.1990); *Cable/Home Communication Corp. v. Network Productions, Inc.,* 902 F.2d 829, 855 (11th Cir.1990); *Morris v. SSE, Inc.,* 843 F.2d 489, 492 (11th Cir.1988); *Delong v. Washington Mills Abrasive Co.,* 840 F.2d 843, 845 (11th Cir.1988); *Bracewell v. Nicholson Air Services, Inc.,* 748 F.2d 1499, 1504 (11th Cir.1984).

■ The defendants have simply filed a motion to dismiss, without supporting affidavits. The effect of this motion is to challenge the sufficiency of the jurisdictional allegations of the complaint: "By itself, the filing of a motion to dismiss on grounds of lack of jurisdiction does nothing more than raise the legal sufficiency of the pleadings." *Venetian Salami Co., supra,* 554 So.2d at 502. Thus, the only issue is whether the allegations of the complaint are sufficient to assert personal jurisdiction over the defendants under Florida's long-arm statute.[2]

■ The complaint alleges that Home does business in the state of Florida. This is within the language of Florida's long-arm statute, Section 48.193(1)(a), Florida Statutes (1993). Thus, Milligan has stated a prima facie basis of jurisdiction over Home. Yet, it has not done so with regard to Hudson. At most, the amended complaint alleges that the defendants failed to pay a debt in Florida. Standing alone, mere nonpayment of a debt in Florida is not sufficient to subject a nonresident defendant to personal jurisdiction. *See, e.g., Venetian Salami Co., supra,* 554 So.2d at 503; *O'Brien Glass Co. v. Miami Wall Systems, Inc.,* 645 So.2d 142, 144 (Fla.

1. The defendants rely upon *Pelycado Onroerend Goed B.V. v. Ruthenberg,* 635 So.2d 1001, 1003 (Fla. 5th DCA 1994). *Ruthenberg* and the cases cited therein deal with sufficiency of service of process, and are not relevant to the issue of the existence of *in personam* jurisdiction.

2. Ordinarily, the *second step of the analysis is to* determine if sufficient minimum contacts exist between the defendant and the forum to comport with the requirements of due process. However, no affidavits have been filed in this case. While the sufficiency of the jurisdictional allegations is a question of law that can be determined from the face of the complaint, the validity of those allegations, or the existence of sufficient minimum contacts, is a question of fact which cannot be determined without affidavits. *Venetian Salami Co. v. Parthenais,* 554 So.2d 499, 502 (Fla. 1989); *Elmex Corp. v. Atlantic Federal Savings & Loan Ass'n,* 325 So.2d 58 (Fla. 4th DCA 1976). "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position." *Venetian Salami Co., supra,* 554 So.2d at 502. Thus, the defendants' motion has not placed the existence of minimum contacts in question.

3d DCA 1994); *Alan Richard Textiles, Ltd. v. Vertilux, Inc.*, 627 So.2d 529, 530 (Fla. 3d DCA 1993); *Payless Drug Stores Northwest, Inc. v. Innovative Clothing Exchange, Inc.*, 615 So.2d 249, 250 (Fla. 3d DCA 1993).

■ In its filed memorandum, the plaintiff states, upon information and belief, that Hudson has a Florida subsidiary. That is not alleged in the complaint, and this allegation is not part of the record and cannot be considered in ruling on the motion. However, even if I accept the plaintiff's representation, Milligan has still failed to allege facts sufficient to support jurisdiction. The presence of a parent corporation's wholly-owned subsidiary in Florida is not enough to subject the parent corporation to long-arm jurisdiction within Florida. *See Qualley v. International Air Service Co.*, 595 So.2d 194 (Fla. 3d DCA 1992). The plaintiff has failed to allege sufficient facts to bring Hudson within the ambit of Florida's long-arm statute, and this court has no basis for asserting *in personam* jurisdiction over Hudson.

■ Implicitly admitting that it has no known basis for alleging jurisdiction over Hudson, the plaintiff asks that rather than dismissing the case, I allow limited discovery in hopes that it might uncover some evidence supporting jurisdiction. That is not the purpose of discovery. When the defendant is required only to present a prima facie case, discovery is usually not appropriate. *See generally* J. Moore, 2A *Moore's Federal Practice* § 12.07[2–2], p. 12–75 and cases cited therein.[3] It is the obligation of the plaintiff to undertake at least enough minimal investigation prior to filing a complaint as to permit it to allege a basis for jurisdiction in the complaint. It would be an abuse of the discovery process to allow discovery when the plaintiff fails to meet the minimal jurisdictional requirements. Accordingly, the plaintiff's motion for limited discovery and a hearing is DENIED.

**C. *Transfer to the Northern District of Georgia.***

As the defendants correctly note in their reply memorandum, when a district court lacks personal jurisdiction over one or more of the defendants, it may, as an alternative to dismissal, transfer the case to any district in which it could have been brought. *See Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 464–67, 82 S.Ct. 913, 914–16, 8 L.Ed.2d 39, 41–42 (1962) (where venue was improperly laid as to two of the defendants and the court could not assert personal jurisdiction over them, the court properly transferred the case to another district where venue was proper and personal jurisdiction could be asserted over the defendants). *See also Roofing & Sheet Metal Services, Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 992 n. 16 (11th Cir.1982) (a court lacking personal jurisdiction of the defendant may transfer a case pursuant to 28 U.S.C. §§ 1404(a) or 1406(a)); *Ellis v. Great Southwestern Corp.*, 646 F.2d 1099, 1107 (5th Cir.1981) (a transfer to a district in which personal jurisdiction over the defendant can be obtained may be made pursuant to 28 U.S.C. §§ 1404(a) or 1406(a)). As set out above, the complaint fails to allege a basis for personal jurisdiction over Hudson. If this case remains in this district, only Home Insurance would remain as a defendant, an awkward situation.

■ Nor is venue proper in this district. Title 28, United States Code, Section 1391 states in pertinent part:

**§ 1391. Venue generally**

**(a)** A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district in which any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which the defendants are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

*See American Express International, Inc. v. Mendez–Capellan*, 889 F.2d 1175 (1st Cir.1989).

---

**3.** The First Circuit has recognized one narrow exception, inapplicable to this case, when the defendant is a "total stranger" to the plaintiff.

It is undisputed that the actions giving rise to this claim occurred in Georgia, and venue would apparently lie in the Gainesville Division of the Northern District of Georgia. Indeed, as the defendants are not residents of the same state, the Northern District of Georgia appears to be the only district which has proper venue. The interests of justice are best served by transferring this case to that district. I also note that the defendants have indicated an intent to file a motion to stay the proceedings in this case until the Georgia state court case involving the underlying claims is resolved. This can be handled by the transferee court. Fairness to the litigants, convenience to the witnesses, judicial economy, and the interest in avoiding inconsistent verdicts all support transfer over partial dismissal. Accordingly, the defendants' motion to transfer the case is GRANTED. Pursuant to Title 28, United States Code, Section 1406(a), this case shall be transferred to the Gainesville Division of the United States District Court for the Northern District of Georgia. The clerk will forward the file forthwith. The plaintiff's motion to stay the motion to dismiss and order limited discovery is DENIED.

DONE AND ORDERED.