David PENZER and Ronnie Penzer, individually and on behalf of all others similarly situated, Mickey Vanek and James Vanek, individually and on behalf of all others similarly situated, and Katherine Perdomo, individually and on behalf of all others similarly situated, Plaintiffs,

v.

FORD MOTOR CREDIT COMPANY, Daimler Chrysler Services North America, LLC, d/b/a Chrysler Financial, and Chase Manhattan Automotive Finance Corp., Defendants.

No. 04-20541-CIV.

United States District Court,
S.D. Florida,
Miami Division.

May 21, 2004.

Jeremy D. Friedman, Esq., Downs & Associates, P.A., Coral Gables, FL, David W. Brill, Esq., Downs & Associates, P.A., Pembroke Pines, FL, for Plaintiffs.

Robert K. Tucker, Esq., Barbara Fernandez, Esq., Hinshaw & Culbertson, Miami, FL, for Defendant Ford Motor Credit Corporation.

Daniel A. Casey, Esq., Kirkpatrick & Lockhart, LLP, Miami, FL, Bruce R. Allensworth, Esq., Kirkpatrick & Lockhart, LLP, Boston, MA, for Defendant Chase Manhattan Automotive Finance Corporation.

John A. Campbell, Esq., Todd E. Brant, Esq., Bunnell, Woulfe, Kirschbaum, Keller, McIntyre & Gregoire, P.A., Ft. Lauderdale, FL, for Defendant Daimler Chrysler Services North America, LLC.

### FINAL ORDER OF REMAND

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court upon Plaintiff Perdomo's ("Perdomo") Motion for Remand, filed April 4, 2004. On April 23, 2004, Defendant Ford Motor Credit Company ("Ford") filed its Response, and on May 5, 2004, Defendant Chase Manhattan Automotive Finance Corporation ("Chase") filed its Response. The Court held a hearing on Perdomo's

Motion for Remand on May 5, 2004, in which counsel for all parties were present.[1] On May 14, 2004, Defendant Daimler Chrysler Services North America ("Daimler Chrysler") filed its Motion to Join in Chase's Response.[2]

## PROCEDURAL BACKGROUND

*Ring around the Rosie,*

*A pocket full of posies,*

*Ashes, ashes,*

*They all fall down!* [3]

This children's nursery rhyme aptly describes the somewhat convoluted procedural history of the above-styled case. Each Plaintiff previously filed their own separate Complaint against one of the named Defendants before different judges in the United States District Court for the Southern District of Florida.[4] In each case, Plaintiffs ultimately voluntarily dismissed their respective Complaints after receiving copies of motions to dismiss.[5] Subsequently, Plaintiffs joined together and filed the instant action in state court. Now, almost one year and at least six (6) judges later, Plaintiffs find themselves back where they started: in federal court in the Southern District of Florida, with no resolution as to any aspect of their case.

Plaintiffs' Complaint alleges that Defendants improperly collected state sales taxes[6] at the end of Plaintiffs' automobile leases.[7] The Penzer Plaintiffs ("the Penzers") have a lease agreement with Ford and only allege claims against Ford;[8] the Vanek Plaintiffs ("the Vaneks") have a lease agreement with Daimler Chrysler and only allege claims against Daimler Chrysler;[9] and Plaintiff Perdomo ("Perdomo") has a lease agreement with Chase and only alleges claims against Chase.[10] Moreover, both Daimler Chrysler's lease agreement with the Vaneks and Chases's

1. At the May 5, 2004 hearing, the Court gave the parties until May 14, 2004, to file any further motions related to the issues raised at the hearing.

2. Daimler Chrysler was not served with Plaintiffs' Complaint until on or about May 4, 2004.

3. Plaintiff Perdomo provided the Court with a list of six (6) cases filed in the Southern District of Florida, which made claims identical to those in the instant action. These cases were all voluntarily dismissed by the plaintiffs upon the defendants' filing of a motion to dismiss for lack of subject matter jurisdiction pursuant to the FTIA. Perdomo's Mot. at 8, n. 4 (citing Case No. 03–21972–CIV–GOLD; 03–21970–CIV–MARTINEZ; 03–22785–CIV–LENARD; 03–21971–CIV–GOLD; 03–22786–CIV–UNGARO BENAGES; and 03–21965–CIV–HOEVELER). Because the complaints were voluntarily dismissed, the jurisdictional issue was never ruled upon.

4. *Penzer v. Ford Motor Credit Co.*, 03–22786–CIV–UNGARO–BENAGES *("Penzer I")*, filed October 16, 2003; *Vanek v. Daimler Chrysler Services North America, LLC*, 03–22080–CIV–GOLD *("Vanek I")*, filed August 5, 2003; and *Perdomo v. Chase Manhattan Automotive Finance Corp.*, 03–21966–CIV–ALTONAGA *("Perdomo I")*, filed July 23, 2003.

5. *Id.* In *Penzer I*, Ford filed a Motion to Dismiss alleging that the court lacked subject matter jurisdiction pursuant to the Federal Tax Injunction Act of 1937 ("FTIA"), 28 U.S.C. § 1341. (DE # 7, 11/26/03, at 4.) However, neither Daimler Chrysler nor Chase argued in their respective Motions that the Court lacked subject matter jurisdiction pursuant to the FTIA. (*See Vanek I*, DE # 7, 10/15/03; *Perdomo I*, DE # 7, 10/17/03.)

6. The taxes were related to excess mileage, excess wear and tear, and disposition fees. Class Complaint attached to Chase's Notice of Removal, DE # 1, 3/8/04, at 2 ("Class Complaint").

7. Class Complaint at 2; Perdomo's Mot. for Remand at 2; Chase's Notice of Removal at 3.

8. Class Complaint at 3.

9. *Id.* at 8.

10. *Id.* at 12.

lease agreement with the Penzers contain an arbitration clause, whereas Ford's lease agreement with Perdomo does not. Plaintiffs seek actual damages in the form of a refund of the monies paid and injunctive relief that would prevent Defendants from any further collection of the state sales tax.[11]

In her current Motion, Plaintiff Perdomo argues that the instant case must be remanded to state court because this Court lacks subject matter jurisdiction pursuant to the Federal Tax Injunction Act ("FTIA"), 28 U.S.C. § 1341. In its Response, Ford agrees that this Court lacks subject matter jurisdiction pursuant to the FTIA. However, Chase and Daimler Chrysler argue that the proper forum for resolution of Plaintiffs' claims is in arbitration, and the FTIA does not limit the Court's exercise of jurisdiction to compel arbitration between the parties.[12] Therefore, Defendants Chase and Daimler Chrysler reason that the logical first procedural step, since they are already in federal court, is for this Court to simply order arbitration.

## LEGAL STANDARD

A motion to dismiss will be granted only where it is clear that no set of facts consistent with the allegations could provide a basis for relief. Fed.R.Civ.P. 12(b)(6). "It is well established that a complaint should not be dismissed for failure to state a claim pursuant to Fed.R.Civ.Pro. 12(b)(6) 'unless it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief.'" *Bradberry v. Pinellas County,* 789 F.2d 1513, 1515 (11th Cir.1986) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). For purposes of a motion to dismiss, a court must construe the complaint in the light most favorable to the plaintiff and accept as true all facts alleged by the plaintiff. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The issue is not whether the plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Little v. City of North Miami,* 805 F.2d 962, 965 (11th Cir.1986) (citation omitted). Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

## DISCUSSION

The FTIA states that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. The Supreme Court has interpreted the FTIA as divesting the federal courts of jurisdiction to suspend, restrain, or otherwise interfere with a state's right to assess and collect state taxes. *California v. Grace Brethren Church,* 457 U.S. 393, 408, 102 S.Ct. 2498, 73 L.Ed.2d 93 (1982). Moreover, the "plain, speedy and efficient" state remedy exception to the FTIA must be construed narrowly in light of the "congressional intent to limit drastically federal-court interference with state tax systems." *Id.* at 413, 102 S.Ct. 2498 (internal quotations omitted).

It is obvious from the face of Plaintiffs' Complaint that the relief they seek would require the Court to "enjoin, suspend, or restrain" the State's collection of sales tax. Therefore, if a "plain, speedy and efficient" remedy exists in state court, this Court

---

**11.** *Id.* at 54.

**12.** Chase's Resp. at 1. On March 29, 2004, Chase filed its motion to compel arbitration (DE # 4).

lacks subject matter jurisdiction to decide the instant action.

Chase argues that the state courts cannot provide Chase or Daimler Chrysler with a remedy because their lease agreements with Perdomo and the Vaneks contain a binding arbitration clause and thus, Plaintiffs are obligated to litigate their claims in an arbitral forum.[13] However, the Court finds Chase's argument flawed, since obviously, before their removal to federal court, Chase was already in a court with jurisdiction to adjudicate their pending motion to compel arbitration.[14] In fact, Chase admitted at the May 5, 2004 hearing that the state court could have decided its motion to compel arbitration and ordered the parties to arbitrate. Thus, but for Chase's removal to this court, Defendants could have had arbitration (if the state judge determined that they were entitled to it), and the jurisdictional issue under the FTIA would never have been raised. Therefore, the Court rejects Chase's argument that the Florida state courts cannot provide Chase and Daimler Chrysler with an adequate remedy.

Having found that the instant case implicates the State's ability to assess and collect taxes and that Chase and Daimler Chrysler have a "plain, speedy and efficient remedy" in state court, the Court concludes that it lacks subject matter jurisdiction and must remand the instant action to state court for all further proceedings.

## CONCLUSION

Accordingly, after a careful review of the record, and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Plaintiffs' Motion for Remand be, and the same is hereby, GRANTED. This case is REMANDED to the Circuit Court for the Eleventh Judicial Circuit in and for Dade County, Florida, for all further proceedings. The Clerk of Court is hereby ORDERED to send the entire case file to the Clerk of Court for the Eleventh Judicial Circuit, Dade County, Florida. It is further

ORDERED and ADJUDGED that all pending motions are hereby DENIED as moot. The Clerk of Court is ORDERED to close this case.

---

13. Chase's Resp. at 9.

14. *See* n. 12, *supra.*